**SEALED**

CLERK'S OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED

JUL 06 2012

JULIA C. DUDLEY, CLERK
BY: /s/ J. Clark
DEPUTY CLERK

# UNITED STATES DISTRICT COURT
for the
Western District of Virginia

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )    Case No. 1:12-mj-69
Cellular Telephone Accounts Associated With )
Telephone Number (423) 534-0199 )
)

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*
See Attachment "A"

located in the _____ District of ___New Jersey___, there is now concealed *(identify the person or describe the property to be seized):*
See Attachment "B"

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more):*
☑ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☐ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| Title 21 USC 841 & 846 | Distribution of Cocaine and Conspiracy to Distribute Cocaine |

The application is based on these facts:
See Attached Affidavit

☑ Continued on the attached sheet.
☐ Delayed notice of ____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Todd A. Brewer, DEA Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 7/6/12

City and state: Abingdon, Virginia

Pamela Meade Sargent, U.S. Magistrate Judge
*Printed name and title*

# ATTACHMENT A

### Particular Verizon Wireless Accounts to Be Searched

This warrant applies to records and other information (including the contents of communications) for the Verizon Wireless accounts associated with the telephone number[s]:

**(423) 534-0199** (May 31, 2012 to present)

to the extent that such records and other information are within the possession, custody, or control of Verizon Wireless, located at 180 Washington Valley Rd., Bedminster, New Jersey, 07921. Verizon Wireless is required to disclose to the government, for each such account:

    a.    All text messages stored and presently contained in, or on behalf of the account;

    b.    All text messaging logs, including date and time of messages, and identification numbers associated with the handsets sending and receiving the message;

# ATTACHMENT B

## Particular Things to be Seized

All fruits, evidence and instrumentalities of violations of the statutes listed on the warrant, including (for each account identified on Attachment A):

    1.    The contents of all records or other information stored in the account, including copies of text messages in the account, relating to:

        a.  Text messages relating to the distribution of controlled substances and any conspiracy to distribute controlled substances.

IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF VIRGINIA

Abingdon Division

| | | |
|---|---|---|
| IN THE MATTER OF SEARCH OF | ) | UNDER SEAL |
| STORED ELECTRONIC | ) | |
| COMMUNICATIONS (TEXT | ) | Case No. 1:12-mj-69 |
| MESSAGES) OF TELEPHONE | ) | |
| NUMBER(S) – (423) 534-0199 | ) | |
| | ) | |

### AFFIDAVIT IN SUPPORT OF APPLICATION
### FOR SEARCH WARRANT AND SEARCH WARRANT

I, Todd A. Brewer, Special Agent, United States Department of Justice, Drug Enforcement Administration, being duly sworn, do depose and state as follows:

I make this affidavit in support of an application for a search warrant for certain accounts controlled by Cellco Partnership dba Verizon Wireless, a cellular provider headquartered at 180 Washington Valley Road, Bedminster, New Jersey, 07921. The accounts to be searched are described in the following paragraphs and in Attachment A. This affidavit is made in support of an application for a search warrant under 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A) to require Verizon Wireless to disclose to the government records and other information in its possession pertaining to the subscriber or customer associated with the accounts, including the contents of communications.

I am a Special Agent for the United States Drug Enforcement Administration (DEA) and have been so employed for over fourteen (14) years. Prior to my employment with the DEA, I was a Police Officer for the Prince William County Police Department in Northern Virginia for approximately four (4) years. Prior to my employment with the PWCPD, I was a Deputy Sheriff with the Loudoun County Sheriff's Office in Loudoun County, Virginia for approximately one (1) year.

I was trained as a DEA Special Agent at the DEA/FBI Academy in Quantico, Virginia. While at the DEA/FBI Academy, I received specialized training in the Controlled Substances Act, Title 21, United States Code, including, but not limited to Sections 841 (a)(1) and 846 (Conspiracy and Controlled Substance Violations), criminal organizations engaged in conspiracies to manufacture and/or possess with intent to distribute cocaine, heroin, methamphetamine, marijuana and other dangerous drugs prohibited by law, search and seizure law, and many other facets of drug law enforcement.

During my employment as a DEA Special Agent, I have participated in numerous investigations involving the seizure of the above listed controlled substances, the seizure

1

of narcotic related records and other types of evidence that document a criminal organization's activities in both the manufacturing and distribution of controlled substances.

To successfully conduct these investigations, I have utilized a variety of investigative techniques and resources, including physical and electronic surveillance and various types of informants and cooperating sources. Through these investigations, my training and experience, and conversations with other experienced Agents and law enforcement personnel, I have become familiar with the methods used by traffickers to smuggle and safeguard narcotics, to distribute narcotics, and collect and launder related proceeds. I am aware of the sophisticated tactics they routinely use to attempt to thwart any investigation of their narcotics organizations. My knowledge of these tactics, which include the utilization of numerous different cellular telephones, beepers, counter surveillance, elaborately planned distribution schemes tied to legitimate businesses, false or fictitious identities, and coded communications and conversations, has been particularly useful and relevant to this investigation.

The information contained in this affidavit is based on my personal observations, observations of other law enforcement officers, observations of Cooperating Sources (CS) as related to me, my review of official police and government reports, my review of records and documents gathered during this investigation, and consultation with other Agents involved in the investigation.

This affidavit contains information necessary to support probable cause for the search warrant. The information contained in this affidavit is not intended to include each and every fact and matter observed by or known to the United States.

This affidavit is submitted in support of a request that a search warrant be issued for the stored electronic communications, specifically text messages, associated with the cellular telephone bearing telephone number (423) 534-0199, hereinafter referred to as Target Telephone #1.
This telephone number is a prepaid TracFone with no subscriber information and is serviced by Verizon Wireless. Target Telephone #1 is believed to be used by David MORGAN aka "DEE" aka "SHOTTA", a crack cocaine distributor in Bristol, VA/TN.

## STATEMENT OF PROBABLE CAUSE

On November 23, 2011, a search warrant was executed at 9157 Nininger Rd., Apt. #3, Bristol, VA. Present at the time of the search warrant were Judy Garland, Angela Lee, Robin Harwell and Phillip Williams, Jr. Seized pursuant to the search warrant were approximately six (6) ounces of crack cocaine and three semi-automatic handguns. Judy Garland, who had been injured by the entry team, provided a false name and was transported to the hospital. It was later discovered that Garland had several outstanding warrants for her arrest in Tennessee for the distribution of drugs.
Angela Lee told officers that Judy Garland was the resident of the apartment and sometimes allowed a person named "DEE" to sell crack cocaine from the residence. Lee

2

stated that she had rented the apartment for Garland and sometimes paid the rent, but she did not live there.

Phillip Williams, Jr. told officers that he was there to smoke crack cocaine. Williams stated that he had sold crack cocaine for Judy Garland to support his own habit. Williams stated that he had personally observed Garland sell at least one (1) ounce of crack cocaine from that residence each of the last three nights. Williams stated that two (2) black males, known to him as "DEE" and "British", supplied Garland with large amounts of crack cocaine to sell.

On December 6, 2011, CS-1 was interviewed in Bristol, VA. CS-1 stated that he/she had been a crack cocaine smoker for approximately three (3) years. CS-1 stated that he/she had been supplied crack cocaine by Judy Garland for at least the last two (2) years. CS-1 stated that Garland was supplied crack cocaine by "DEE". CS-1 stated that he/she had purchased crack cocaine directly from "DEE" on at least thirty (30) occasions. CS-1 described "DEE" as a black male with the tattoo "SHOTTA" on the inside of his arm.

CS-1 stated that he utilized the text messaging service on his/her cell phone to conduct drug transactions with "DEE" and others.

On January 12, 2012, CS-2 was interviewed by your affiant. CS-2 stated that "DEE" was a crack cocaine distributor in Bristol, VA/TN. CS-2 stated that Angie Lee was a distributor of crack cocaine for "DEE". CS-2 stated that he/she had to go through Lee and others in order to get crack cocaine from "DEE".

On January 23, 2012, CS-3 was interviewed in Abingdon, VA. CS-3 stated that David MORGAN, aka "DEE", aka "SHOTTA" was a crack cocaine distributor. CS-3 stated that he/she had purchased and sold crack cocaine for MORGAN. CS-3 stated that he/she arranged drug transactions with MORGAN via text messages.

On February 7, 2012, CS-3 was interviewed again in Bristol, VA. CS-3 stated that MORGAN's cell phones were seized as a result of a search warrant and his new cell phone number was (423) 534-0199 (Target Telephone #1). CS-3 stated that he/she had sent text messages to and received text messages from Target Telephone #1 related to drug trafficking activities.

On March 1, 2012, a search warrant was applied for and obtained in the Western District of Virginia for text messages stored in the accounts of several telephone numbers, including Target Telephone #1. In response to the execution of this search warrant on Verizon Wireless, your affiant received text messages stored in those accounts ending on February 29, 2012. The following are excerpts from the search warrant results.

**February 10, 2012**

Target Telephone #1 exchanged the following text messages in an attempt to wire money to a drug source of supply in Atlanta, GA:

Target Telephone #1 to (423) 967-2079, "*Ok...well let me see if I could get the bread down the so you wont have to leave without the stuff.*"
Target Telephone #1 to (423) 967-2079, "*Text me big mama number*"
(423) 967-2079 to Target Telephone #1, "*7708202890*"
Target Telephone #1 to (423) 967-2079, "*Is the number dat you gave me for mama is it a cell fone*"
Target Telephone #1 to (423) 723-5344 (Leshay Rhoton), "*Hey ma im still here can you get me a pill*"
Target Telephone #1 to (423) 723-5344 (Rhoton), "*Antoinette hodge....atl g.a.*"
Target Telephone #1 to (423) 723-5344 (Rhoton), "*Did you get the name and r you getting me dat pill*"
(423) 723-5344 (Rhoton) to Target Telephone #1, "*I'm tryin babe I'll have sum tmrrw for sure today lookin bad*"
(423) 723-5344 (Rhoton) to Target Telephone #1, "*55937826 $2,600 Leshay Rhoton I'll b der to get the other soon this one is mg the other will b western union*"
Target Telephone #1 to (770) 820-2890 ("Big Mama"), "*Leshay rhoton...money gram...track number 55937826 And its 2600 Ill hit you up wit the rest of the info in a few so go grab dat asap from the mg*"
(404) 621-0225 ("British") to Target Telephone #1, "*Angila hale its 2600 0083461700*"
Target Telephone #1 to (770) 820-2890 ("Big Mama"), "*Angila hale track number 0083461700 Wu 2600*"
Target Telephone #1 to (770) 820-2890 ("Big Mama"), "*Hey ma wen you get that its 52 all together the two is for two bags of weed and the five is for the nina...plz hook me up ma I really need your help on this one*"

Based on my training and experience, and my knowledge of this investigation, I believe that David MORGAN utilized the text messaging service on Target Telephone #1 to communicate with Leshay Rhoton, "British" and others regarding wiring money through MoneyGram and Western Union to the drug source of supply in Atlanta, GA. I believe that MORGAN utilized the text messaging service on Target Telephone #1 to communicate with the drug source of supply ("Big Mama") about $5,200.00 that was being wired to her. I believe that MORGAN's direction to "Big Mama" was that $200.00 was for marijuana ("weed") and the remaining $5,000.00 was for nine (9) ounces of cocaine ("the nina").

On April 4, 2012, a search warrant was applied for and obtained in the Western District of Virginia for text messages stored in the account of Target Telephone #1. In response to the execution of this search warrant on Verizon Wireless, your affiant received text messages stored in that account from March 19 to April 4, 2012. The following are excerpts from the search warrant results.

4

**March 28, 2012**

       Target Telephone #1 exchanged the following text messages with telephone number (770) 820-2890 ("Big Mama"):

       Target Telephone #1 to (770) 820-2890, *"Hey ma wats good wit you i was wondering if you would let me get 13 zips for eight bands..im jus tryin to get this shit up on running again."*
(770) 820-2890 to Target Telephone #1, *"How much i love ya lets run it"*
Target Telephone #1 to (770) 820-2890, *"13zips"*
(770) 820-2890 to Target Telephone #1, *"Yea"*
(770) 820-2890 to Target Telephone #1, *"When ya ready baby?"*
Target Telephone #1 to (770) 820-2890, *"Today r tomorrow"*
(770) 820-2890 to Target Telephone #1, *"Well love let me know what's what n i'll make a move matter fact i'll just go head n tell him today or tomorrow he don't like to travel with pot"*
(770) 820-2890 to Target Telephone #1, *"You good on pills n shit?"*
Target Telephone #1 to (770) 820-2890, *"Wats the deal wit the pills and wat kind r they"*
(770) 820-2890 to Target Telephone #1, *"Well love we got some beans nice deal if they move for you."*
Target Telephone #1 to (770) 820-2890, *"Them beans dont really move out here...but wat is the price range"*
(770) 820-2890 to Target Telephone #1, *"Three dollars a pill n they coming tonight or tomorrow?"*
Target Telephone #1 to (770) 820-2890, *"Ok ill take 60 of them jus to put it on the market and if it go well then we could start from there. and you gonna let me get the 13 zips for the 8 bands"*
(770) 820-2890 to Target Telephone #1, *"I said love i've got you leeeeggggoooo real shit i'm waiting on u........."*
Target Telephone #1 to (770) 820-2890, *"Ok thanks sooo much ma..i been trying to call the runner all day to put him on the road but cant get no answer from either him r his bitch"*
(770) 820-2890 to Target Telephone #1, *"Let me call they sorry ass"*
Target Telephone #1 to (770) 820-2890, *"Ok"*

       Based on my training and experience, and my knowledge of this investigation, I believe that David MORGAN utilized the text messaging service on Target Telephone #1 to communicate with "Big Mama" regarding the purchase of 13 ounces of cocaine for $8,000.00 and 60 dosage units of MDMA (aka "Ecstasy", "Beans").

       On May 3, 2012, a search warrant was applied for and obtained in the Western District of Virginia for text messages stored in the account of Target Telephone #1. In response to the execution of this search warrant on Verizon Wireless, your affiant received text messages stored in that account from April 5 to May 2, 2012. The following are excerpts from the search warrant results.

5

**April 24, 2012**

    Target Telephone #1 exchanged the following text messages with telephone number (770) 820-2890 ("Big Mama"):

    (770) 820-2890 to Target Telephone #1, "*Hey love im finally got my money so when ya come I've got something for you.....*"
    Target Telephone #1 to (770) 820-2890, "*Ok i need 14 Zips for 8*"
    (770) 820-2890 to Target Telephone #1, "*I'm ya folk I've got ur back baby ready when you are........*"
    Target Telephone #1 to (770) 820-2890, "*Ok ill be there tomorrow*"
    (770) 820-2890 to Target Telephone #1, "*That's what's up...see ya soon*"
    (770) 820-2890 to Target Telephone #1, "*Ok my lowest ticket is 11,000 at 800 a zip I've got a gift of 12 to give back right now......*"
    (770) 820-2890 to Target Telephone #1, "*Ok u do95,I'll foot rest*"
    Target Telephone #1 to (770) 820-2890, "*Ma i only have eight and i of to grind hard to come up wit that bc the last pack was short three zips so dat was a fall back for me*"
    (770) 820-2890 to Target Telephone #1, "*run that eight and we will get 12 for tha 96 ok*"
    (770) 820-2890 to Target Telephone #1, "*12.5 And we got a deal*"
    (770) 820-2890 to Target Telephone #1, "*ok love only you can do this.....*"
    Target Telephone #1 to (770) 820-2890, "*No doubt ill see you tomorrow*"
    (770) 820-2890 to Target Telephone #1, "*Ok cool*"

    Based on my training and experience, and my knowledge of this investigation, I believe that David MORGAN utilized the text messaging service on Target Telephone #1 to negotiate with "Big Mama" regarding the purchase of 14 ounces of cocaine for $8,000.00.

**April 27, 2012**

    Target Telephone #1 exchanged the following text messages with telephone number (770) 820-2890 ("Big Mama"):

    Target Telephone #1 to (770) 820-2890, "*Leaving right now ma dont be mad at me*"
    (770) 820-2890 to Target Telephone #1, "*I'm not love.....*"
    (770) 820-2890 to Target Telephone #1, "*Hey love how far are you?im going to leave*"
    Target Telephone #1 to (770) 820-2890, "*Chatt town*"
    (770) 820-2890 to Target Telephone #1, "*Yes love lol,how far are you now?*"
    Target Telephone #1 to (770) 820-2890, "*45 Mins*"
    Target Telephone #1 to (770) 820-2890, "*Txt me ur address ma im close*"
    (770) 820-2890 to Target Telephone #1, "*457 Derbyshire dr stone mountain ga 30088*"

Based on my training and experience, and my knowledge of this investigation, I believe that David MORGAN utilized the text messaging service on Target Telephone #1 to communicate with "Big Mama" regarding the status of his travel to Georgia to purchase multiple ounces of cocaine.

On May 30, 2012, a search warrant was applied for and obtained in the Western District of Virginia for text messages stored in the account of Target Telephone #1. In response to the execution of this search warrant on Verizon Wireless, your affiant received text messages stored in that account from April 29 to May 30, 2012. The following are excerpts from the search warrant results.

**May 29, 2012**

Target Telephone #1 exchanged the following text messages with telephone number (404) 625-6684 ("Big Mama"):

> Target Telephone #1 to (404) 625-6684, *"hey ma! i been tryin to call you but no answer...i was goin to see if you would let me get the 12.5 for the eight."*
> (404) 625-6684 to Target Telephone #1, *"when baby n sorry but stupid got mad n had my phone shut off"*
> Target Telephone #1 to (404) 625-6684, *"oh ok..i would like to make the move tomorrow r Thursday"*
> (404) 625-6684 to Target Telephone #1, *"well ok made my call and its a go... so just lock a day thurs at latest tomrrow if can which one love"*
> Target Telephone #1 to (404) 625-6684, *"tomorrow if i can but thurs the latest"*
> (404) 625-6684 to Target Telephone #1, *"ok love let me know either way n see ya soon mauh......"*
> (404) 625-6684 to Target Telephone #1, *"by the way if ya cant get me on this phone then just come on .......im here"*
> Target Telephone #1 to (404) 625-6684, *"ok sweetie i will.."*

Based on my training and experience, and my knowledge of this investigation, I believe that David MORGAN utilized the text messaging service on Target Telephone #1 to communicate with "Big Mama" regarding the purchase of 12.5 ounces of cocaine for $8,000.00.

**May 30, 2012**

Target Telephone #1 exchanged the following text messages with telephone number (404) 625-6684 ("Big Mama"):

> (404) 625-6684 to Target Telephone #1, *"just making sure u didnt try to reach me didnt know phone was off"*
> Target Telephone #1 to (404) 625-6684, *"no but ill be leaving tonight"*
> (404) 625-6684 to Target Telephone #1, *"ok love"*

7

Based on my training and experience, and my knowledge of this investigation, I believe that David MORGAN utilized the text messaging service on Target Telephone #1 to communicate with "Big Mama" regarding his travel plans to Georgia to purchase the 12.5 ounces of cocaine from her.

### Verizon Wireless Electronic Communications

In my training and experience, I have learned that Verizon Wireless is a company that provides cellular telephone access to the general public, and that stored electronic communications, including retrieved and unretrieved voicemail and text messages for Verizon Wireless subscribers may be located on the computers of Verizon Wireless. Further, I am aware that computers located at Verizon Wireless contain information and other stored electronic communications belonging to unrelated third parties.

Among the services commonly offered by wireless phone providers is the capacity to send short text or multimedia messages (photos, audio, or video) from one subscriber's phone or wireless device to another phone or wireless device via one or more wireless providers. This service is often referred to as "Short Message Service" ("SMS") or "Multimedia Messaging Service" ("MMS"), and is often referred to generically as "text messaging" or "wireless messaging."

I have spoken with representatives of Verizon Wireless and understand that during the regular course of business they may possess up to five (5) days of stored electronic communications, namely text messages.

On June 6, June 13, June 18, June 22, June 27, and July 2, 2012, letters were sent to Verizon Wireless requesting that they preserve all historical electronic communications associated with the Target Telephone(s), pursuant to Title 18 United States Code (USC) 2703(f).

### LOCATION TO BE SEARCHED AND THINGS TO BE SEIZED

I anticipate executing this warrant under the Electronic Communications Privacy Act, in particular 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A), by using the warrant to require Verizon Wireless to disclose to the government copies of the records and other information (including the content of communications) particularly described in Attachment A. Upon receipt of the information described in Attachment A, the information described in Attachment B will be subject to seizure by law enforcement.

### CONCLUSION

Based on my training and experience, I know that those involved in drug trafficking activities commonly use cellular telephones, to include the text messaging capabilities, to contact others to discuss and arrange drug transactions and to further their illicit drug business. I also know that it is common for those involved in drug trafficking

8

activities to change cellular telephones and telephone numbers frequently to avoid detection by law enforcement.

Based on the foregoing, there is probable cause to believe that the stored electronic communications, specifically stored text messaging and the associated packet data for the Target Telephone(s), contain evidence of drug trafficking, specifically violations of Title 21 USC 841 and 846, Distribution of Cocaine and Conspiracy to Distribute Cocaine, respectively.

## REQUEST FOR SEALING

It is respectfully requested that this Court issue an order sealing, until further order of the Court, all papers submitted in support of this application, including the application and search warrant. I believe that sealing this document is necessary because the items and information to be seized are relevant to an ongoing investigation into the criminal organizations as not all of the targets of this investigation will be searched at this time. Based upon my training and experience, I have learned that, online criminals actively search for criminal affidavits and search warrants via the internet, and disseminate them to other online criminals as they deem appropriate, i.e., post them publicly online through the carding forums. Premature disclosure of the contents of this affidavit and related documents may have a significant and negative impact on the continuing investigation and may severely jeopardize its effectiveness.

I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief. Executed on July 6, 2012, at Abingdon, Virginia.

_____
Todd A. Brewer, Special Agent
Drug Enforcement Administration


SWORN AND SUBSCRIBED TO BEFORE ME
THIS _____ DAY OF JULY, 2012

_____
HONORABLE JUDGE PAMELA MEADE SARGENT
UNITED STATES DISTRICT COURT IN THE
WESTERN DISTRICT OF VIRGINIA

Reviewed by: _____
Zachary Lee
Assistant United States Attorney
Western District of Virginia, Abingdon

9